**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| George Walbridge, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| Retrieval Masters Creditors Bureau, Inc. d/b/a | : |
| American Medical Collection Agency; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, Plaintiff George Walbridge, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff George Walbridge ("Plaintiff") is an adult individual residing in Clinton, Tennessee, is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("Retrieval") is a New York business entity with an address of 4 Westchester Plaza, Suite 110, Elmsford, New York 10523, operates as a collection agency, is a "debt

collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 ("Collectors") are individual collectors employed by Retrieval and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Retrieval at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

8.      The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned, or transferred to Retrieval for collection, or Retrieval was employed by the Creditor to collect the Debt.

10.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Retrieval Engages in Harassment and Abusive Tactics

11.     In or around May 2017, Retrieval began calling Plaintiff's cellular telephone, number 865-xxx-7747, in an attempt to collect the Debt.

12.     At all times mentioned herein, Retrieval called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer") and usng an artificial or prerecorded voice.

13.     When Plaintiff answered calls from Retrieval, he heard a prerecorded message.

2

14.     On or about June 16, 2017, Plaintiff submitted a cease and desist request through Retrieval's website.

15.     Nevertheless, Retrieval continued to place automated calls to Plaintiff's cellular telephone.

**C.  Plaintiff Suffered Actual Damages**

16.     Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.***

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a telephone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, *et seq.***

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     At all times mentioned herein, Defendants called Plaintiff's cellular telephone number using an ATDS or predictive dialer and an artificial or prerecorded voice.

27.     Defendants continued to place automated calls to Plaintiff's cellular telephone number despite knowing that they lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

28.     The telephone number called by Defendants was and is assigned to a cellular telephone for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

29.     Plaintiff was annoyed, harassed, and inconvenienced by Defendants' continued calls.

30.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

32.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

4

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 7, 2018

Respectfully submitted,

By:___*/s/ Sergei Lemberg*___
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff