**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

George Walbridge,

                Plaintiff,

      -against-

Retrieval-Masters Creditors Bureau, Inc. d/b/a
American Medical Collection Agency; and DOES 1-
10, inclusive,

              Defendant.

Docket No: 7:18-cv-01078

**ANSWER, AFFIRMATIVE
DEFENSES AND JURY DEMAND TO
THE COMPLAINT**

Defendant RETRIEVAL-MASTERS CREDITORS BUREAU, INC., doing business as AMERICAN MEDICAL COLLECTION AGENCY ("AMCA"), through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states and alleges as follows:

<u>**JURISDICTION**</u>

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

**RESPONSE: Answering paragraph 1 of the Complaint, denies that it violated the law in any way.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.**

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**RESPONSE: Answering paragraph 2 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances that are due to its clients and that from time to time it will request that collection letters be mailed to individuals who have a mailing address within the State of New York.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.**

**PARTIES**

3.       Plaintiff George Walbridge ("Plaintiff") is an adult individual residing in Clinton, Tennessee, is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE: Answering paragraph 3 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

4.       Defendant Retrieval Masters Creditors Bureau, Inc. d/b/a American Medical Collection Agency ("Retrieval") is a New York business entity with an address of 4 Westchester Plaza, Suite 110, Elmsford, New York 10523, operates as a collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C. § 153(39).

**RESPONSE: Answering paragraph 4 of the Complaint, admits only that its business includes the collection of unpaid, outstanding account balances that are due to its clients. Answering further, admits only that it is incorporated under the laws of the State of New York and that it maintains an office at 4 Westchester Plaza, Suite 110, Elmsford, New York 10523.  Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.**

2

5.      Does 1-10 ("Collectors") are individual collectors employed by Retrieval and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

**RESPONSE: Answering paragraph 5 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

6.      Retrieval at all times acted by and through one or more of the Collectors.

**RESPONSE: Answering paragraph 6 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.      Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

**RESPONSE: Answering paragraph 7 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

8.      The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

**RESPONSE: Answering paragraph 8 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

9.      The Debt was purchased, assigned, or transferred to Retrieval for collection, or Retrieval was employed by the Creditor to collect the Debt.

**RESPONSE: Answering paragraph 9 of the Complaint, admits only that it was retained to collect on an unpaid, outstanding account balance that was owed to its client by an individual named George Walbridge.   Answering further, lacks knowledge and/or**

3

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**RESPONSE: Answering paragraph 10 of the Complaint, admits only that it was retained to collect on an unpaid, outstanding account balance that was owed to its client by an individual named George Walbridge.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.**

**B.  Retrieval Engages in Harassment and Abusive Tactics**

11.     In or around May 2017, Retrieval began calling Plaintiff's cellular telephone, number 865-xxx-7747, in an attempt to collect the Debt.

**RESPONSE: Answering paragraph 11 of the Complaint, admits only that it was retained to collect on an unpaid, outstanding account balance that was owed to its client by an individual named George Walbridge.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.**

12.     At all times mentioned herein, Retrieval called Plaintiff using an automatic telephone dialing system ("ATDS" or "predictive dialer") and usng an artificial or prerecorded voice.

**RESPONSE: Answering paragraph 12 of the Complaint, denies the allegations contained therein.**

13.     When Plaintiff answered calls from Retrieval, he heard a prerecorded message.

4

**RESPONSE: Answering paragraph 13 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

14.     On or about June 16, 2017, Plaintiff submitted a cease and desist request through Retrieval's website.

**RESPONSE: Answering paragraph 14 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

15.     Nevertheless, Retrieval continued to place automated calls to Plaintiff's cellular telephone.

**RESPONSE: Answering paragraph 15 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.**

C. **Plaintiff Suffered Actual Damages**

16.     Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

**RESPONSE: Answering paragraph 16 of the Complaint, denies the allegations contained therein.**

17.     As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**RESPONSE: Answering paragraph 17 of the Complaint, denies the allegations contained therein.**

## COUNT I

## VIOLATIONS  OF THE FDCPA, 15 U.S.C. § 1692, ET SEQ.

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

301803643v1 1006261

**RESPONSE: Answering paragraph 18 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

19.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

**RESPONSE: Answering paragraph 19 of the Complaint, denies the allegations contained therein.**

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

**RESPONSE: Answering paragraph 20 of the Complaint, denies the allegations contained therein.**

21.      Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a telephone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

**RESPONSE: Answering paragraph 21 of the Complaint, denies the allegations contained therein.**

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

**RESPONSE: Answering paragraph 22 of the Complaint, denies the allegations contained therein.**

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

301803643v1 1006261

**RESPONSE: Answering paragraph 23 of the Complaint, denies the allegations contained therein.**

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

**RESPONSE: Answering paragraph 24 of the Complaint, denies the allegations contained therein.**

<u>COUNT II</u>

<u>VIOLATIONS  OF THE TCPA, 47 U.S.C. § 227, ET SEQ.</u>

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE: Answering paragraph 25 of the Complaint, repeats, realleges and incorporates herein by reference its responses to the preceding paragraphs of the Complaint.**

26.     At all times mentioned herein, Defendants called Plaintiff's cellular telephone number using an ATDS or predictive dialer and an artificial or prerecorded voice.

**RESPONSE: Answer paragraph 26 of the Complaint, denies the allegations contained therein.**

27.     Defendants continued to place automated calls to Plaintiff's cellular telephone number despite knowing that they lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

**RESPONSE: Answer paragraph 27 of the Complaint, denies the allegations contained therein.**

7

301803643v1 1006261

28.     The telephone number called by Defendants was and is assigned to a cellular telephone for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

**RESPONSE: Answering paragraph 28 of the Complaint, lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein**

29.     Plaintiff was annoyed, harassed, and inconvenienced by Defendants' continued calls.

**RESPONSE: Answering paragraph 29 of the Complaint, denies the allegations contained therein.**

30.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**RESPONSE: Answering paragraph 30 of the Complaint, admits only that it was retained to collect on an unpaid, outstanding account balance that was owed to its client by an individual named George Walbridge.   Answering further, lacks knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.**

31.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**RESPONSE: Answering paragraph 31 of the Complaint, denies the allegations contained therein.**

32.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

301803643v1 1006261

**RESPONSE: Answering paragraph 32 of the Complaint, denies the allegations contained therein. Answering Plaintiff's Prayers for Relief, denies that Plaintiff is entitled to any judgment, award, relief, or any other request or demand made in the Complaint.**

<u>**AFFIRMATIVE DEFENSES**</u>

**First Affirmative Defense**

Plaintiff failed to mitigate any of Plaintiff's alleged actual damages. There are no allegations in the Complaint, or a record of any efforts that the Plaintiff made to limit and/or prevent Plaintiff's alleged actual damages. This will be further investigated through discovery.

**Second Affirmative Defense**

The actual damages alleged by Plaintiff may have been the result of other, superseding and/or intervening cause(s) and were not proximately caused by this answering Defendant. This will be further investigated through discovery.

**Third Affirmative Defense**

Some or all of Plaintiffs' claims are barred by the doctrine of consent, prior express consent, waiver and/or acquiesce. The telephone number called was provided to the original creditor, who is Defendant's client, by the subscriber or regular user of that number for purposes of contact regarding the underlying unpaid, outstanding account balance.

**Fourth Affirmative Defense**

To the extent that any violation of the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of defendant. The telephone number called was provided to the original creditor, who is Defendant's client, by the subscriber or regular user of that number for purposes of contact regarding the underlying unpaid, outstanding account balance.

301803643v1 1006261

## Fifth Affirmative Defense

RMCB affirmatively states that any violation of law, which it denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures include, but are not limited to, policies and procedures in place regarding reviewing and implementation of compliance with lawful options to provide to account holders regarding information on account balances. This includes the retention of individuals, including legal counsel, with knowledge of Indiana state law to review status of state law and ensure compliance with same. It, furthermore, includes constant review, re-review and analysis of the FDCPA text itself and of authorities interpreting and analyzing the FDCPA, including case law, industry guidance, and adjustment of the its collection practices as suggested by these authorities. In addition, AMCA is a member of the Association of Credit and Collection Professionals, which is the leading trade association in the United States for collection agencies on debt collection compliance. More specifically, AMCA relied in good faith on representations from the creditor as to what terms were applicable to certain accounts, including the accuracy of the contact information of the individual who owes the subject unpaid, outstanding account balance to the creditor.  In addition, AMCA's procedure includes, but is not limited to, training that is in place to accurately note accounts that are disputed and when it is appropriate to cease contacting the individual being contacted regarding the subject unpaid, outstanding account balance.  If a violation of law occurred, which AMCA denies happened; it was only after the accounts were inaccurately designated with incorrect information. AMCA also relied on, rather than interpreted, well-established Texas state law on the applicability of federal law on collections.  *See Oliva v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* No. 15-2516, 2016 WL 3262370, *2 (7th  Cir.  Jun. 14 2016).

10

**Sixth Affirmative Defense**

Some or all of Plaintiff's claims may be subject to and/or barred by a mandatory arbitration clause, which will be further explored in discovery and that will require the use of a Medical Authorization in order to obtain, pursuant to HIPPA, which cannot be obtained without Plaintiff's cooperation or order of Court.

**WHEREFORE**, Defendant RETRIEVAL MASTERS CREDITORS BUREAU, INC., doing business as AMERICAN MEDICAL COLLECTION AGENY ("AMCA") having fully responded to the Complaint, prays that the Court dismiss Plaintiff's action with prejudice against it, order that Plaintiff take nothing thereby, and award AMCA its attorney's fees and costs incurred herein, as well as any additional equitable relief the Court deems proper.

**JURY DEMAND**

Defendant demands a jury trial pursuant to Fed R. Civ. P. 38.

Dated: New York, New York
      April 30, 2018

                      **HINSHAW & CULBERTSON LLP**
                      Attorneys for Defendant
                      Retrieval-Masters Creditors Bureau, Inc., doing business as American Medical Collection Agency

By:   */s/Han Sheng Beh*
                      Han Sheng Beh
                      800 Third Avenue, 13th Floor
                      New York, New York 10022
                      Tel: (212) 471-6200

TO:   Sergei Lemberg, Esq.
      LEMBERG LAW, LLC
      43 Danbury Road, 3rd Floor
      Wilton, CT 06897
      Email: slemberg@lemberglaw.com

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN  DISTRICT OF NEW YORK**

George Walbridge,

                     Plaintiff,

       -against-


Retrieval-Masters Creditors Bureau, Inc. d/b/a
American Medical Collection Agency,

                  Defendant.

Docket No: 7:18-CV-01078


**CERTIFICATE OF SERVICE**

      The undersigned certifies that on April 30, 2018, **DEFENDANT'S ANSWER. AFFIRMATIVE DEFENSES AND JURY DEMAND TO THE COMPLAINT** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

                Sergei Lemberg, Esq.
                Lemberg Law, LLC
                43 Danbury Road, 3rd Floor
                Wilton, CT 06897
                slemberg@lemberglaw.com

                *s/ Han Sheng Beh, Esq.*

301803643v1 1006261